UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LARRY C. LAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:09-CV-252 |
| ) | (PHILLIPS/GUYTON) |
| V. ) | |
| ) | |
| BURLEY STABILIZATION CORP., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and the order of the District Court [Doc. 39] referring Defendant's Application for Attorneys' Fees and Expenses [Doc. 37] to this Court for disposition.

**I.     BACKGROUND**

The instant case was filed on June 11, 2009. This case is the third suit between these parties filed in the Eastern District of Tennessee, see Case Nos. 3:06-CV-111 and 3:07-CV-259. In all three of these suits, the Plaintiffs have sought disgorgement of funds allegedly owed to them by the Defendant, an agricultural cooperative that serves tobacco farmers in Tennessee, North Carolina, and Virginia. Due to the redundancy of these suits, the District Court entered an Opinion [Doc. 35] and Judgment [Doc. 36] on June 28, 2010 dismissing this suit. The District Court explained that the Defendant "should not be required to shoulder the burden of relitigating the same fight over and over," and the Court awarded the Defendant attorneys' fees and expenses, under Tennessee Code Annotated § 48-56-401(e).

The Defendant's Application for Attorneys' Fees and Expenses [Doc. 37] followed.

## II. POSITIONS OF THE PARTIES

The Defendant requests $54,947.50 in attorneys fees and $807.85 in expenses. [Doc. 38-1 at 3]. The Defendant has provided no billing records in support of these requests. Instead the Defendant has listed the names of three attorneys who billed hours on this case, their respective rates, the total number of hours each attorney billed, and the total fees to be collected by each attorney. [Doc. 38-1 at 3]. The Defendant asserts that its billing invoices contain privileged information, though it has offered to provide the invoices for *in camera* review.

The Plaintiffs oppose the Defendant's motion. [Doc. 40]. The Plaintiffs object, first, to the lack of contemporaneous time records filed. The Plaintiffs argue that the application is incomplete because counsel cannot fully respond to the motion and the Court cannot fully assess the reasonableness of the request based upon the records provided. [Doc. 40 at 2]. The Plaintiffs also argue that the amount of time expended, generally, was excessive given the short duration and limited briefing in the case. [Doc. 40 at 2].

The Defendant replies that more detailed billing records are not required because the attorneys' fees awarded here are meant as a sanction and because the Plaintiffs overstate the Sixth Circuit Court of Appeals's holdings on the issue. [Doc. 41 at 2, 7-8]. The Defendant maintains that the requested fees and expenses are not excessive.

## III. ANALYSIS

As the Court of Appeals for the Sixth Circuit explained in Imwalle v. Reliance Medical Products, Inc., "[t]he key requirement for an award of attorney fees is that '[t]he documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably

expended in the prosecution of the litigation.'" 515 F.3d 531, 553 (6th Cir. 2008) (quoting United Slate, Local 307 v. G & M Roofing & Sheet Metal, Co., 732 F.2d 495, 502 n. 2 (6th Cir. 1984)). Thus, the "district court must conclude that the party seeking the award has sufficiently documented its claim." Imwalle, 515 F.3d at 552 (quoting United Slate, 732 F.2d at 502).

Where a party has failed to detail the hours for which they seek compensation, courts often order supplementation. For example, in Corbis Corporation v. Starr, 2010 WL 2572049 (N.D. Ohio June 25, 2010), the court found that invoices which stated only the name, date, and hours worked "provide[d] little detail as to what work counsel performed." Id. at *1. Despite the movant's claim that billing records were privileged, the court in Corbis declined a request for *in camera* review and instead explained, "[The movant] bears the burden of establishing that attorney-client privilege or work product privilege applies . . . . To the extent, thus, that plaintiff asserts that certain portions of its full billing statements are either privileged or protected by the work product doctrine, it may submit both redacted and unredacted versions of its billing statements." Id. at *2 (internal citation omitted).

The District Court for the Western District of Tennessee reached a similar conclusion in Pollard v. E.I. DuPont de Nemours & Company, 2004 WL 784489 (W.D. Tenn. Feb. 24, 2004). The court in Pollard noted that, as a general rule, "attorney fees are not deemed privileged and are subject to discovery." Id. at *4. The court ultimately endorsed the parties' agreement that the movant would redact any portion of its billing entries that was subject to the attorney-client privilege or work-product doctrine. Id.

The Court finds a similar course is appropriate in this case. Without more detailed information the Court cannot determine the reasonableness of the attorneys' fees requested, as is

required under Tennessee Code Annotated § 48-56-401(e) ("[T]he court may require the plaintiffs to pay any defendant's **reasonable** expenses (including counsel fees) . . . .") (emphasis added). The Court finds that the Defendant's concern about potentially privileged information will be alleviated by allowing the Defendant to file redacted invoices or records, and at the same time, redacted records will enable counsel to examine and object to the records and enable the Court to evaluate the reasonableness of the Defendant's fee request.

## III.   CONCLUSION

Based upon the foregoing, the Court **ORDERS** that the Defendant supplement its Defendant's Application for Attorneys' Fees and Expenses [Doc. 37], with billing records on or before **September 24, 2010.** The Defendant may redact information from these records that it believes is privileged. The Plaintiff may make a supplemental response on or before **October 15, 2010**, and the Plaintiff shall make any final reply on or before **October 22, 2010**.

**IT IS SO ORDERED.**

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge