UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

LARRY C. LAY,                           )
                                        )
        Plaintiff,                      )
                                        )       No. 3:09-CV-252
                                        )       (PHILLIPS/GUYTON)
V.                                      )
                                        )
BURLEY STABILIZATION CORP.,             )
                                        )
        Defendant.                      )

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and the order of the District Court [Doc. 39] referring Defendant's Application for Attorneys' Fees and Expenses [Doc. 37] to this Court for disposition.

**I.    BACKGROUND**

The instant case was filed on June 11, 2009. This case is the third suit between these parties filed in the Eastern District of Tennessee, see Case Nos. 3:06-CV-111 and 3:07-CV-259. In all three of these suits, the Plaintiffs have sought disgorgement of funds allegedly owed to them by the Defendant, an agricultural cooperative that serves tobacco farmers in Tennessee, North Carolina, and Virginia. Due to the redundancy of these suits, the District Court entered an Opinion [Doc. 35] and Judgment [Doc. 36] on June 28, 2010 dismissing this suit. The District Court explained that the Defendant "should not be required to shoulder the burden of relitigating the same fight over and over," and the Court awarded the Defendant attorneys' fees and expenses, under Tennessee Code Annotated § 48-56-401(e).

The Defendant's Application for Attorneys' Fees and Expenses [Doc. 37] followed. In an Order [Doc. 43] entered August 26, 2010, the undersigned found the Defendant had not filed sufficient documentation in support of its original request for attorneys fees and expenses. The Court ordered that the Defendant supplement its request with proper documentation on or before September 24, 2010. [Doc. 43 at 4]. The Defendant supplemented its initial request [Docs. 45, 45-1, 46, 46-1, 46-2, and 46-3], and after reviewing these documents, the Plaintiffs responded in opposition to the fees requested [Doc. 47]. On October 22, 2010, the Defendant filed its final reply, and thus, the supplemented Application for Attorneys' Fees and Expenses [Doc. 37] is now ripe for adjudication.

## II. POSITIONS OF THE PARTIES

In its Supplemental Application for Attorneys' Fees and Expenses [Doc. 45], the Defendant requests $68,093.31, in attorneys' fees and expenses. The Defendant maintains that this request is reasonable and that any other award would "undermine the Court's previous decision to sanction Plaintiffs for having 'commenced [this proceeding] frivolously and in bad faith.'" [Doc. 45 at 1].

The Plaintiffs respond that the fees requested are not reasonable. [Docs. 40 and 47]. Specifically, the Plaintiffs argued that: (1) the number of hours billed is excessive; (2) the Defendant did not delegate simple tasks to less experienced attorneys; (3) the Defendant has not demonstrated a nexus between certain hours billed and the instant litigation; and (4) the Defendant's request for fees for preparation of its fee application are not appropriate. [Doc. 47]. The Plaintiffs also argue that, in the absence of invoices and other supporting documentation, the Court should find that the Defendant's request for costs is not well-taken. [Doc. 40 at 8-9].

In its Reply [Doc. 48], the Defendant disputes the Plaintiffs' contentions and maintains that the fee request submitted is reasonable.

## III. ANALYSIS

Having reviewed the parties' filings and for the reasons more fully stated below, the Court finds that the Defendant's Application for Attorneys' Fees and Expenses [Doc. 37], along with its supplements [Docs. 45 and 46], is well-taken, in part, and the Court will **RECOMMEND** that it be **GRANTED IN PART** and **DENIED IN PART**.

### A. Lodestar Calculation

Generally, "[t]he starting point for determining the amount of a reasonable attorney fee is the 'lodestar' amount, which is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." Imwalle v. Reliance Med. Prod., Inc., 515 F.3d 531, 551 (6 th Cir. 2008) (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). "Where the party seeking the attorney fees has established that the number of hours and the rate claimed are reasonable, the lodestar is presumed to be the reasonable fee to which counsel is entitled." " Imwalle, 515 F.3d at 551 (quoting Pennsylvania v. Del. Valley Citizens Council for Clean Air, 478 U.S. 546, 564 (1986)).

In the instant case, the Defendant requests an attorneys' fees award of $67,282.50, representing 202.2 hours of attorney work. [Doc. 46-1 at 2]. Though the Court has some reservations about the rates at which counsel for the Defendant has billed these hours, the Plaintiffs have explicitly stated that they do not dispute that the hourly rates which were charged are reasonable. [Doc. 47 at 11]. Thus, the hourly-rate component of the lodestar calculation having been

conceded, the Court finds that the rates charged in this case were appropriate under the circumstances.

The Plaintiffs dispute only the Defendant's calculation of "the number of hours reasonably expended on this litigation," Imwalle, 515 F.3d at 551. The Plaintiffs present a number of arguments for cutting the number of hours for which the Defendant has requested reimbursement, and the Court will address each of these in turn.

**B.     Number of Hours Billed**

The Plaintiffs first argue that the four pleadings filed in this case do not justify the number of hours expended by counsel for the Defendant. [Doc. 47 at 5]. The Plaintiffs argue that the Defendant's Memorandum in Support of Defendant's Motion to Dismiss and for Attorneys' Fees [Doc. 5], Counterclaim [Doc. 6], Reply in Support of its Motion to Dismiss [Doc. 14], and the Motion to Stay Discovery [Doc. 31], are, in large part, composed of work performed in prior cases and, thus, did not require expending numerous hours on research and drafting. [Doc. 47 at 6]. In addition, the Plaintiffs argue that the Defendant's billing records demonstrate duplication of efforts by counsel, including having multiple attorneys billing for a single task. [Doc. 47 at 9].

The Defendant dismisses this argument and other related arguments as "nothing more than Plaintiffs' subjective opinion about how BSC's counsel *could have* or *should have* staffed this case and distributed the workload more economically." [Doc. 48 at 5 (emphasis in the original)]. The Defendant counters that the Plaintiffs present only speculation to undermine the Defendant's billing practices, and the Defendant maintains that counsel attempted to minimize expenses throughout this litigation. [Doc. 48 at 6].

4

Initially, the Court finds that the Defendant should not be punished for its ability to revise its previous work for use in this case. The District Judge dismissed the instant action because the Plaintiffs had litigated the requests for relief presented in this case numerous times before. The Plaintiffs' argument would, essentially, reward the Plaintiffs for having brought the same issues to the Court previously and punish the Defendant for beginning its work where it previously left off in the other, similar cases.

Perhaps more importantly, the Defendant has presented the Court with billing entries detailing the hours spent composing its various pleadings. The Plaintiffs have not directed the Court to any specific redundancies or unreasonable entries. The Plaintiffs have not produced any evidence challenging the veracity of the statements that were submitted. The Plaintiffs have stated only that too many hours were expended given the documents produced. The Court finds this argument, without more, unconvincing.

The Court finds the Plaintiffs' general objection to the number of hours expended is not well-taken, and the Court **RECOMMENDS** that it be **OVERRULED**.

**C.     Delegation of Tasks**

In a related argument, the Plaintiffs argue that the billing records submitted by the Defendant also confirm a tendency by counsel "not to shift less complicated legal work to less expensive timekeepers." [Doc. 47 at 9].

The Defendant responds that objections to the Defendant's staffing decisions lack merit because, under the circumstances of this case, maintaining counsel with experience from the previous litigation between the parties contributed to the successful outcome and, likely, saved money by eliminating any learning curve. [See Doc. 48 at 5].

The Plaintiffs have not challenged the rates of the attorneys who served as counsel on this case. Instead, the Plaintiffs challenge counsel's decisions to assign work to various attorneys. While the Court is charged with assuring that the fees awarded in this case are reasonable, the Court will not micro-manage inner-office delegation, absent good cause to do so. In this case, the Defendant successfully defended a multiple-count lawsuit that sought recovery of funds allegedly diverted over approximately fifteen years. [Doc. 1]. Counsel for the Defendant composed and presented a Motion to Dismiss [Doc. 35], which persuaded the District Judge to dismiss this action with little motion practice or costly discovery. Given this result, the Court declines to revisit counsel's decisions regarding personnel assignments.

The Court finds the Plaintiffs' objection to the Defendant's request for failure to delegate is not well-taken, and the Court **RECOMMENDS** that it be **OVERRULED**.

**D.     Unrelated Billing Entries**

In addition, the Plaintiffs contend that the Defendant has not demonstrated any nexus between what the Plaintiffs describe as "corporate work" and this litigation. [Doc. 47 at 12]. Specifically, the Plaintiffs direct the Court to $3,000.00 in attorney's fees requested for a trip by counsel to a meeting of the Defendant corporation in Knoxville, Tennessee. [Doc. 47 at 13].

The Defendant responds that this work was directly related to this litigation. The Defendant explains that the Complaint in this matter was filed in June 2009, and counsel presented the Complaint to the corporation at the next meeting of its board of directors in July 2009, for the customary purpose of informing the corporation of the pending litigation. [Doc. 48 at 3]. The Defendant maintains that the affidavits of counsel submitted with its billing records also evidence

6

that the work for which fees are requested, including these entries, were incurred in connection with this case. [Doc. 38-1 at 2, Doc. 46 at 2].

The entries in dispute are as follows, "07/07/09, Travel to Knoxville for [Burley Stabilization Corporation] board meeting," and "07/08/09, Prepare for and attend [Burley Stabilization Corporation] board meeting; return travel." [Doc. 46-1 at 10]. While the Court agrees that these entries could have supplied additional details connecting the entries with this litigation, the Court finds that considered in light of the chronology of this litigation and other evidence before the Court these entries are reasonably related to this case. The Court finds that these hours were "reasonably expended in the prosecution of [this] litigation." Imwalle, 515 F.3d at 553.

Accordingly, the Court **RECOMMENDS** that the Plaintiffs' objection to allegedly unrelated entries be **OVERRULED**.

**E.     Preparation of the Fee Petition**

Finally, the Plaintiff argues that the Defendant's requests for fees in preparing its fee petition are unreasonable and do not comply with the "fee for fees" rule as set out by the Court of Appeals for the Sixth Circuit. [See Doc. 47 at 14-16].

The Defendant argues that the fee petition in this case has been litigated to such an extent that it constitutes a "second major litigation," Gonter v. Hunt Valve Co.,Inc., 510 F.3d 610, 620 (6th Cir. 2007), and thus, the Defendant argues the "fees for fees" limitation should not be applied to the preparation and litigation of the fee petitions in this case. [Doc. 48 at 7].

The Court of Appeals for the Sixth Circuit has instructed, "In the absence of unusual circumstances, the hours allowed for preparing and litigating the attorney fee case should not exceed 3% of the hours in the main case when the issue is submitted on the papers without a trial and should

not exceed 5% of the hours in the main case when a trial is necessary." Coulter v. State of Tenn., 805 F.2d 146, 151 (6th Cir. 1986).

In the instant case, the Defendant requests approximately $14,613.96[1] in fees for preparing its fee request for $67,282.50. This is a "fees for fees" request amounting to approximately 22% of the total fee request.

Putting the "fees for fees" rule aside for a moment, the Court finds that the Defendant should not be rewarded for counsel's failure to supply any billing records in support of its initial request for fees and expenses. The Court ordered the Defendant to supplement its petition because the Court could not determine the reasonableness of the Defendant's fee request based upon the limited documentation supplied. [Doc. 43 at 3-4]. The Defendant's limited documentation did not comply with the Court of Appeals's admonition that, when requesting attorneys' fees, "[t]he documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." United Slate, Local 307 v. G & M Roofing & Sheet Metal, Co., 732 F.2d 495, 502 n. 2 (6th Cir. 1984).

Because the additional work supplementing the request was necessitated by the Defendant's failure to comply with the rules of fee petition preparation in this Circuit, the Court finds that the

---

[1]This amount is the Court's best estimation based upon the evidence before it. The Defendant's billing records are monthly invoices. The hours spent preparing the fee requests are contained in two invoices dated September 10, 2010, and September 23, 2010, respectively. These two invoices contain a total of $14,613.96 in fees. The September 10 invoice contains entries from May 17, 2010, through August 26, 2010. At least three of these entries were made prior to the entry of Judgment in the Defendant's favor, and presumably, they do not relate to the attorneys' fees issue. These entries, however, have been redacted in total and they list no description, attorney, or amount billed. Thus, the Court cannot determine what amount, if any, should be subtracted from $14,613.96, for this work, and the Defendant has offered no clarification of precisely how much it requests in fees for preparation of its fee petitions.

fees requested for work performed in supplementing the original fee petition should not be compensated. Accordingly, the Court finds that $4,975.50[2] of the Defendant's request, representing the fees requested for work performed supplementing the original fee petition, should be **DENIED**.

Subtracting $4,975.50 from both the "fees for fees" request and the total fee request, nonetheless, yields a ratio that does not comply with the Court of Appeals' direction that, absent unusual circumstances, the hours allowed for preparing and litigating the attorney fee case should not exceed 3% of the total request in cases not submitted for trial.[3]

The Court finds no unusual circumstances that would support the Court deviating from this standard percentage. The Defendant objects that the determination of the instant fee petition has been "hotly contested," to such an extent that the Court should disregard the standard percentages. [Doc. 45 at 6-7]. The Court has reviewed the pleadings on this issue, and this case differs from standard attorneys' fees determinations only in that supplementation was required. As the Court discussed earlier, this additional briefing was necessitated by the Defendant's actions not the Plaintiffs' actions, and it does not appear to be the type of unusual circumstances that would support disregarding the standard formula established by the Court of Appeals.

Accordingly, the Court finds that the "fees for fees" reward in this case should be further reduced to 3% of the lodestar calculation, see Auto Alliance Int'l, Inc. v. U.S. Customs Serv., 155

---

[2]This $4,975.50 represents the total work performed between September 1, 2010, and September 23, 2010, as evidenced on the September 23 invoice. [See Doc. 46-1 at 16-17].

[3]($14,613.96-$4,975.50) / ($67,282.50-$4,975.50) =15.47%

Fed. App'x 226, 229 (6th Cir. 2005). Thus, the Defendant should be awarded $1,869.21, for preparation of its fee petition, representing 3% of $62,307.00.[4]

Thus, based upon the foregoing, the Court finds the Plaintiffs' objections to the Defendant's "fees for fees" request to be well-taken, and the Court **RECOMMENDS** that it be **GRANTED IN PART**. The Court **RECOMMENDS** that the Defendant be awarded **$1,869.21**,[5] in attorneys fees for preparation of its fee petition.

**F.     Expenses**

Finally, the Plaintiff argues that, in the absence of invoices and other supporting documentation, the Court should find that the Defendant's request for costs is not well-taken. [Doc. 40 at 8-9]. The Defendant maintains that its request for costs is reasonable. [Doc. 38-1 at 3].

The Court has examined the costs requested and finds that the amounts requested for standard costs such as facsimiles, postage, phone use, photocopies, and internet legal research are relatively low and are reasonable. Accordingly, the Court finds that the Defendant's requests for costs is well-taken, and the Court **RECOMMENDS** that the Defendant's request for costs be **GRANTED**, in the amount of **$810.81**.

**IV.    CONCLUSION**

Based upon the foregoing, the Court **RECOMMENDS** that the Defendant's Application for Attorneys' Fees and Expenses **[Doc. 37]** be **GRANTED IN PART** and **DENIED IN PART**.

---

[4]$67,282.50 - $4,975.50 = $62,307.00

[5]$62,307 x .03 = $1,869.21

10

The Court **RECOMMENDS**[6] that the Defendant's Motion be **GRANTED IN PART**, and the Defendant be awarded **$55,348.56**, representing attorneys' fees and costs calculated as follows:

<pre>
         Attorneys' Fees
                Original Request:                                    $67,282.50
                Minus time billed for fee supplement:                - 4,975.50
                                                                     $ 62,307.00

                Less the difference between
                        Original requested "fees for fees" amount:   $14,613.96
                        Minus the time billed for fee supplement:    - 4,975.50
                                                                     $  9,638.46
                And

                        3% of $62,307.00                             - 1,869.21
                                                                     $  7,769.25

                For a total attorneys' fees award of                 $54,537.75

         Costs
                Total                                                +   810.81

         Total Award                                                 $55,348.56
</pre>

The Court **RECOMMENDS** that the Motion be **DENIED** to the extent it requests any additional relief.

**IT IS SO ORDERED.**

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge

---

[6] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).